IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James R. Hagy, III, et al.,          :

    Plaintiffs,               :

  v.                              :         Case No. 2:11-cv-530
                                                                 :
Demers & Adams, LLC, et al.,   Magistrate Judge Kemp
                                                                 :
    Defendants.

ORDER

This case is before the Court to consider the motion to stay proceedings and to compel arbitration filed by Defendants Green Tree Servicing LLC and Kevin Winehold ("Green Tree Defendants"). (Motion to Stay, #15). Defendants Demers & Adams, LLC and David J. Demers ("the Law Firm Defendants") are not parties to this motion. For the following reasons, this Court denies the Green Tree Defendants' motion to stay proceedings and to compel arbitration.

I. Background

This Court assumes that the background facts recited in the Green Tree Defendants' motion to stay and the background facts contained in the Hagys' amended complaint are true for purposes of this motion only, and they will be summarized here. The Court notes, however, that any facts on which this decision turns- or, for that matter, any other decision this Court must make in this case- must be supported by admissible evidence before the Court will assume them to be true.

According to the Green Tree Defendants' motion to stay, plaintiffs, James R. Hagy, III and Patricia R. Hagy, executed a fixed-rate note and mortgage securing payment of that note with Conseco Finance Servicing Corp. in September of 2002. The note,

which is attached to the amended complaint, contains an arbitration provision that binds the parties to arbitration for claims or controversies related to the note.  Without citation to any relevant evidence, the Green Tree Defendants allege that "Conseco Finance Servicing Corp. was subsequently converted to Defendant Green Tree Servicing LLC" and Green Tree Servicing LLC is currently the owner and holder of the Hagys' note and mortgage deed. (Motion to Stay, #15, p. 2). The Hagys' amended complaint, on the other hand, alleges that Green Tree Servicing LLC "purchased the consumer debt in default," but defendants' answer denies that allegation. (Amended Complaint, #18, p.3, ¶ 14 and Answer, # 25, p. 2, ¶ 14).

According to the amended complaint, on April 28, 2010, the Law Firm Defendants filed a foreclosure action against the Hagys on behalf of Defendant Green Tree Servicing LLC in the Carroll County Court of Common Pleas, Case No. 10:CVE26336. After receiving the summons and complaint, Patricia Hagy called the Law Firm Defendants and asked whether some type of settlement could be reached regarding the default on the note and mortgage.  On June 8, 2010, David Demers sent the Hagys a letter and warranty deed in lieu of foreclosure. (Amended Complaint, #18, Ex.3).  On June 24, 2010, the Hagys entered into the warranty deed in lieu of foreclosure, which was prepared by David Demers. (Amended Complaint, #18, Ex. 4).  On June 30, 2010, David Demers told the Hagys' counsel, James Sandy, Esq., that he had received the warranty deed in lieu of foreclosure and stated in a letter that in return for the Hagys executing it, Green Tree Servicing LLC would not attempt to collect any deficiency balance which might be due after the sale of the collateral. (Amended Complaint, #18, Ex. 5).

After the warranty deed in lieu of foreclosure was executed, the Green Tree Defendants began contacting the Hagys by phone for

collection of an alleged deficiency.  On June 15, 2011, the Hagys filed this case against Law Firm Defendants and the Green Tree Defendants alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Ohio Consumer Sales Practices Act, O.R.C. § 1345.01 *et seq.*, and common law invasion of privacy.

The Green Tree Defendants argue that this case should be stayed and the Hagys' claims submitted to arbitration because this dispute arises out of the note and therefore is subject to the note's arbitration clause.  The Hagys, on the other hand, argue that the Green Tree Defendants have not demonstrated either the assignment or their ownership of the note, and that the Hagys do not have any obligation to arbitrate with them.  The Green Tree Defendants did not respond to the Hagys argument and submitted no reply brief. For the reasons that follow, this Court agrees with the Hagys.

## II. Discussion

The question of arbitrability, that is, whether an agreement creates a duty to arbitrate, is a question for the courts to decide. Granite Rock Co. v. Int'l Bhd. of Teamsters, __ U.S. __, 130 S. Ct. 2847, 2855 (2010).  Under the Federal Arbitration Act, arbitration clauses are enforceable in contracts "evidencing a transaction involving commerce" unless there are "grounds . . . at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Whether such grounds exist is a matter of state law. Stutler v. T.K. Constructors, 448 F.3d 343, 345 (6th Cir. 2006).  Even under federal law, which strongly encourages the enforcement of arbitration clauses, however, "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960).

An assignee to a contract "takes that contract with all

rights of the assignor and subject to all defenses that the obligor may have had against the assignor." Citizens Fed. Bank, F.S.B. v. Brickler, 683 N.E.2d 358, 364 (Ohio Ct. App. 1996). Federal and state law are in agreement, however, that in order for a non-signatory to a contract to be able to enforce its terms, there must be proof of an assignment. See, e.g. Britton v. Co-Op Banking Group, 4 F.3d 742, 746 (9th Cir. 1993) ("An assignee of a contractual right must prove the validity of his ownership claims"); see also Hinkle, Cox, Eaton, Coffield & Hensley v. Cadle Co., 676 N.E.2d 1256, 1258 (Ohio Ct. App. 1996) (quoting Zwick v. Zwick, 134 N.E.2d 733, 734 (Ohio Ct. App. 1956)("'an assignee of a claim must allege and prove the assignment.'"). Other decisions bear out this general rule. See e.g., U.S. Bank. v. Richards, 938 N.E.2d 74, 77 (Ohio Ct. App. 2010) (holding the real party in interest in foreclosure actions is the current holder of the note and mortgage and the failure to prove who is the real party in interest creates a genuine issue of material fact precluding summary judgment); Buford v. Palisades Collection, LLC, 552 F.Supp.2d 800, 809 (N.D. Ill. 2008)(holding that, in a FDCPA case where the debt collector did not provide the court with the assignment or purchase contract between the debt collector and AT&T, the debt collector had not shown that it acquired all rights under the agreement).

Here, the Green Tree Defendants are attempting to enforce the terms of the arbitration clause in the note against the Hagys. They have not, however, produced any supporting evidence that they are in fact owners or assigns of the note and therefore able to enforce the rights under that note. Instead, they only make an unsupported argument in their motion that "Conseco Finance Servicing Corp. was subsequently converted to Defendant Green Tree Servicing LLC" (Motion to Stay, #15, p. 2). Moreover, they did not file a reply to the Hagys' memorandum in opposition,

which pointed out that the Green Tree Defendants had not demonstrated they were owners or assigns of the note. Thus, because the Green Tree Defendants have not submitted any evidence that they are truly owners or assigns of the promissory note, they cannot, on the basis of the present record, seek to enforce its terms.

III. Order

Based on the foregoing, the Green Tree Defendants motion to stay the proceedings and to compel arbitration (#15) is denied.

/s/ Terence P. Kemp
United States Magistrate Judge