```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

James R. Hagy, III, et al.,        :

      Plaintiffs,              :

  v.                               :        Case No. 2:11-cv-530

                                              :

Demers & Adams, LLC, et al.,       :        Magistrate Judge Kemp

                                              :

      Defendants.

## OPINION AND ORDER

This matter is before the Court on the motion for reconsideration filed by Defendants Demers & Adams, LLC and David J. Demers ("the Law Firm Defendants"). (Doc. #105). Plaintiffs James R. Hagy, III, on behalf of himself and Patricia R. Hagy[1] ("the Hagys") have filed an opposition to the motion. (Doc. #106). For the reasons set forth below, the motion for reconsideration will be denied. (Doc. #105).

### I. Background

The background of this case has been set forth in previous orders of this Court and will not be set forth in great detail here. Briefly, for purposes of the current motion, this case arises from a foreclosure action initiated by the Law Firm Defendants on behalf of Green Tree against the Hagys. The Hagys allege that, after the foreclosure action was filed, they signed a warranty deed in lieu of foreclosure, which the parties agreed would prevent any attempt to collect a deficiency balance remaining after the sale of the collateral. The Hagys claim that after the warranty deed in lieu of foreclosure was executed, Green Tree began contacting them by telephone for the collection

---

[1] On February 9, 2012, this Court granted James R. Hagy's motion requesting that he be substituted for his wife, Patricia R. Hagy, following Mrs. Hagy's death. (Doc. #47).

of an alleged deficiency.  Accordingly, on June 15, 2011, the Hagys filed this case against the Law Firm Defendants and Green Tree alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692, *et seq.*, the Ohio Consumer Sales Practices Act ("OCSPA"), O.R.C. §§1345.01 *et seq.*, and common law invasion of privacy.

The Hagys' claims against the Law Firm Defendants arising under the OCSPA are the sole claims at issue in this Opinion and Order.  In those claims, the Hagys allege that the Law Firm Defendants knowingly committed unfair, deceptive, and unconscionable acts and/or practices in violation of O.R.C. §§1345.02 and/or 1345.03, and they are therefore entitled to relief under O.R.C. §1345.09. (Amend. Compl., #18, ¶¶28-31).  On February 5, 2013, this Court issued an Opinion and Order granting the Hagys' partial motion for summary judgment on the OCSPA claims.  (Doc. #95 at 16-19).  It is this ruling that is the subject of the pending motion for reconsideration.

## II. Standard of Review

The Law Firm Defendants request that the Court reconsider the portion of its February 5 Opinion and Order relating to the OCSPA claims in light of a recent decision by the Ohio Supreme Court, namely Anderson v. Barclay's Capital Real Estate, Inc., Slip Opinion No. 2013-Ohio-1993, decided May 14, 2013.  The Law Firm Defendants do not, however, cite to any Federal Rule of Civil Procedure in making the motion.

In their response, the Hagys urge this Court to consider the Law Firm Defendants' motion as having been brought under Fed. R. Civ. P. 59(e), which provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  According to the Hagys, the "Law Firm Defendants' motion, filed approximately three and a half months after the Court issued judgment in this matter" should be denied as

"untimely and forfeited on appeal."  (Doc. #106 at 3-5).

    The Court disagrees and finds that the motion has not been brought pursuant to Fed. R. Civ. P. 59(e).  Rather, the motion seeks reconsideration of an interlocutory order and, as such, it is not untimely.  As the United States Supreme Court has observed, "every order short of a final decree is subject to reopening at the discretion of the judge." Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 12, 103 S. Ct. 927, 74 L. Ed.2d 765 (1983).  The Court of Appeals for the Sixth Circuit has likewise observed that "[d]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." Mallory v. Eyrich, 922 F.2d 1273, 1282 (6th Cir. 1991) (citing Marconi Wireless Tel. Co. v. United States, 320 U.S. 1, 63 S. Ct. 1393, 87 L. Ed. 1731 (1943)).  Accordingly, a district court may modify, or even rescind, interlocutory orders.  See John Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 88, 42 S. Ct. 196, 66 L. Ed. 475 (1922).

    Although Fed. R. Civ. P. 59(e) does not supply the power nor the standard for deciding whether to reconsider an interlocutory order, courts have generally applied criteria that respect the need to grant some measure of finality to even interlocutory orders and which discourage the filing of endless motions for reconsideration.  Thus, "[a] federal district court has inherent power over interlocutory orders and may modify, vacate, or set aside these orders 'when it is consonant with justice to do so.'" Rottmund v. Continental Assurance Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992)(citing United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973)). "Because of the interest in finality, however, courts should grant motions for reconsideration sparingly." Id. This Court will therefore consider the motion for reconsideration to determine whether it is "consonant with justice" to grant the requested relief, and it will grant relief only if the prior

decision appears clearly to be legally or factually erroneous.

### III. Discussion

As noted above, the Law Firm Defendants' motion for reconsideration is based upon the Ohio Supreme Court's recent decision in Anderson v. Barclay's Capital Real Estate, Inc., Slip Opinion No. 2013-Ohio-1993, decided May 14, 2013. In that case, the Ohio Supreme Court addressed whether the OCSPA applies to the servicing of residential mortgage loans. The Court held that the servicing of a borrower's residential mortgage loan does not constitute a "consumer transaction" as defined in O.R.C. §1345.01(A) because, inter alia, there is no "transfer of an item of goods, a service, a franchise, or an intangible, to an individual." Id. at ¶15. The Court also found that an entity which services residential mortgage loans does not engage in the business of effecting or soliciting consumer transactions and, as such, it is not a "supplier" as defined in O.R.C. §1345.01(C). Id. at ¶32.

Applying the decision in Barclay's to the instant case, the Law Firm Defendants assert that the Hagys' allegations, which arise from mortgage servicing, do not involve a consumer transaction, and neither they nor Green Tree are suppliers for purposes of the statute. The Law Firm Defendants argue:

> If Green Tree is neither a supplier nor engaged in a consumer transaction under the [O]CSPA, then nothing Law Firm Defendants did on Green Tree's behalf would qualify either. If anything, Law Firm Defendants were further removed from the Hagys than Green Tree. Law Firm Defendants supplied no service to the Hagys and did nothing more than represent Green Tree in the servicing of the Hagys' residential mortgage.

(Doc. #105 at 5). On this basis, the Law Firm Defendants request that this Court reconsider its ruling granting summary judgment to the Hagys on their OCSPA claims.

In opposition, the Hagys argue that the OCSPA applies to

"the mixed consumer transaction" in this case, which involves a consumer contract for the financing and purchase of a mobile home and real property. (Doc. #106 at 5). The Hagys assert that, because the purchase of a mobile home is a consumer transaction under the OCSPA, "this case does not present a 'pure' real estate transaction, which would be exempt from coverage under the OCSPA." Id. In support of this position, the Hagys rely upon Brown v. Liberty Clubs, Inc., 45 Ohio St.3d 191 (1989), a decision in which the Ohio Supreme Court found that the OCSPA is applicable to the personal property or services portion of a mixed transaction involving both the transfer of personal property or services and the transfer of real property. Id.

In this case, there is no dispute that the transaction at issue involved both the sale of a mobile home as well as the transfer of real estate (Doc. #111 at 1; Doc. #112 at 1). Indeed, the record reflects that the executed note, in the amount of $38,635.06, was undivided for the purchase of the mobile home and real property, and the mortgage described the property as consisting of both the mobile home and real property together. (Doc. #112, Ex. A-B). The record also reflects that the Hagys surrendered their rights in both the mobile home and real property upon execution of the warranty deed in lieu of foreclosure. (Doc. #111, Ex. C-E).

Despite these facts, the Law Firm Defendants maintain that the transaction at issue was a "pure" real estate transaction to which the OCSPA does not apply. (Doc. #112 at 3-4). Although the Law Firm Defendants acknowledge that the original transaction involved both the purchase of a mobile home and the transfer of real property, they maintain that the mobile home was converted from personal property to real property when it became attached to land. Id. at 3 (stating that the transaction is a "pure real estate transaction" exempt from OCSPA because it consisted of

"one note, one mortgage and one parcel of real property with a building transacted as one unit"). In order to adopt the Law Firm Defendants' position, the Court would need factual support demonstrating that the mobile home is no longer severable. The fact that the mobile home and land were conveyed together is insufficient to support the Law Firm Defendants' argument, and the evidence before the Court suggests that the mobile home and real property remain separate. Because Ohio law reflects that the purchase of a mobile home is a consumer transaction under the OCSPA, see Burton v. Elsea, Inc., No.97CA2556, 1999 WL 1285874, at *9 (Ohio Ct. App. Dec. 27, 1999), the transfer of both a mobile home and real property in this case represents a mixed transaction that falls within the ambit of the OCSPA. See Brown, 45 Ohio St.3d at 191.

The Hagys filed a motion for leave to file a reply to the Law Firm Defendants' supplemental brief to address the factual issues raised by the Law Firm Defendants' argument that the mobile home was converted from personal property to real property when it became attached to land. (Doc. #113). The Law Firm Defendants oppose the Hagys' motion for leave. (Doc. #114). Because the Court finds that a reply to the Law Firm Defendants' supplemental brief is unnecessary to resolve this issue, the Court will deny the Hagys' motion. (Doc. #113).

The Law Firm Defendants also argue that the OCSPA is inapplicable because the Hagys' amended complaint does not allege wrongdoing relating to the original home purchase and loan. (Doc. #112 at 4). More specifically, the Law Firm Defendants argue that the "amended complaint makes no allegation of wrongdoing regarding: 1) the initial loan transaction; 2) the purchase of the real estate; or 3) anything before 2010." Id. (emphasis in original). According to the Law Firm Defendants, this precludes the Hagys' argument that they filed this case

based upon the consumer contract with Conseco. Id. In order to determine whether the OCSPA applies, the Court looks to the nature of the transaction giving rise to the instant case. For the reasons set forth above, the Court finds that this case involves a mixed consumer transaction. That the conduct giving rise to this action arose subsequent to the initial transaction is not determinative of whether the statute applies. Accordingly, the Court finds this argument to be without merit.

Finally, the Law Firm Defendants argue that they are not subject to the OCSPA because they are far removed from the residential mortgage transaction. The Law Firm Defendants contend that, although they provide a service to the loan servicer, doing so "is neither analogous to transferring a service to the Hagys nor sufficient to impose liability under the [O]CSPA." Id. According to the Law Firm Defendants, "Barclay's established that when a party such as Law Firm Defendants is working for and acting on behalf of a client, Green Tree in this case, that first party does not become a 'supplier' to its client's customers or engage in a 'consumer transaction' with its clients customers." Id. at 5. The Law Firm Defendants' position, if adopted, would extend the Barclay's decision beyond its facts, which involve a real estate transaction. Further, it also requires an evaluation of whether one's role in a given transaction is so inconsequential as to fall outside the scope of the OCSPA. This Court is unaware of any decision that supports such a broad reading. This Court finds that Barclay's must be limited to its facts, which are readily distinguishable from those in the instant case. Consequently, the Law Firm Defendants' argument is without merit.

## IV. CONCLUSION

For the reasons set forth above, the motion for reconsideration filed by the Law Firm Defendants is denied (Doc.

7

#105), and the Hagys' motion for leave to file a reply to the Law Firm Defendants' supplemental brief is denied (Doc. #113). Further, the Hagys are hereby granted leave to file a supplemental request for attorneys fees to account for the time expended since the filing of their motion for an award of statutory damages, fees, and costs.  (Doc. #101).

    /s/ Terence P. Kemp
    UNITED STATES MAGISTRATE JUDGE