```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

James R. Hagy, III, et al.,       :

    Plaintiffs,                  :

  v.                                :      Case No. 2:11-cv-530

                                        :

Demers & Adams, LLC, et al.,      :      Magistrate Judge Kemp

    Defendants.                  :

## OPINION AND ORDER

This matter is before the Court on a motion for leave to file a supplemental complaint filed by Plaintiff James R. Hagy, III, on behalf of himself and Patricia R. Hagy[1] ("the Hagys") (Doc. #124). For the reasons set forth below, the motion will be denied.

## I. Background

The factual background of this case has been set forth in previous orders of this Court and will not be repeated in great detail here. For purposes of resolving the present motion, however, the Court notes that this case arises from a foreclosure action initiated by the Law Firm Defendants on behalf of Green Tree against the Hagys. After the foreclosure action was filed, the Hagys signed a warranty deed in lieu of foreclosure in return for which it was agreed that there would be no attempt to collect any deficiency balance. Thereafter, the foreclosure complaint was dismissed, but Green Tree began contacting the Hagys by telephone for the collection of an alleged deficiency.

The Hagys filed this case against the Law Firm Defendants and Green Tree alleging violations of the Fair Debt Collection

---

[1] On February 9, 2012, this Court granted James R. Hagy's motion requesting that he be substituted for his wife, Patricia R. Hagy, following Mrs. Hagy's death. (Doc. #47).

Practices Act ("FDCPA"), 15 U.S.C. §§1692, *et seq.*, the Ohio Consumer Sales Practices Act ("OCSPA"), O.R.C. §§1345.01 *et seq.*, and common law invasion of privacy.  In an opinion and order issued on October 22, 2013, the Court awarded the following: $500.00 per plaintiff for statutory damages under the FDCPA, for a total of $1,000.00 in damages under the FDCPA; $400.00 per plaintiff for the three OCSPA violations, for a total of $800.00 in damages under the OCSPA; attorney fees in the amount of $74,195.62; and costs and expenses in the amount of $312.05.

On January 3, 2014, the Hagys filed the motion for leave to file a supplemental complaint pursuant to Fed. R. Civ. P. 15(d). In the motion, the Hagys allege that the proposed supplemental complaint sets forth new facts bearing on the relationship between the parties, and states a new claim against ProAssurance Casualty Company ("ProAssurance"), the company that insures the Law Firm Defendants.  Defendants have not filed any opposition to the motion.

## II. Discussion

The Hagys seek to bring the supplemental complaint pursuant to O.R.C. §3929.06 and a complaint for declaratory judgment pursuant to O.R.C. §§2201-2202.  Ohio Revised Code §3929.06 provides, in relevant part, that

> (A)(1) If a court in a civil action enters a final judgment that awards damages to a plaintiff for injury, death, or loss to the person or property of the plaintiff or another person for whom the plaintiff is a legal representative and if, at the same time that the cause of action accrued against the judgment debtor, the judgment debtor was insured against liability for that injury, death, or loss, the plaintiff or the plaintiff's successor in interest is entitled as judgment creditor to have an amount up to the remaining limit of liability coverage provided in the judgment debtor's policy of liability insurance applied to the satisfaction of the final judgment.

> (2) If, within thirty days after the entry of the final judgment referred to in division (A)(1) of this section, the insurer that issued the policy of liability insurance has not paid the judgment creditor an amount equal to the remaining limit of liability coverage provided in that policy, the judgment creditor may file in the court that issued the final judgment a supplemental complaint against the insurer seeking the entry of a judgment ordering the insurer to pay the judgment creditor the requisite amount. Subject to division (C) of this section, the civil action based on the supplemental complaint shall proceed against the insurer in the same manner as the original civil action against the judgment debtor.
>
> (B) Division (A)(2) of this section does not authorize the commencement of a civil action against an insurer until a court enters the final judgment described in division (A)(1) of this section in the distinct civil action for damages between the plaintiff and an insured tortfeasor and until the expiration of the thirty-day period referred to in division (A)(2) of this section.

The statute, therefore, "creates a subrogation action, wherein the injured party stands in the shoes of the insured against his or her insurer, and the statute may only be used to bring insurers into an action." Elkins v. American Int'l Special Lines Ins. Co., 611 F. Supp. 2d 752, 758 (S.D. Ohio 2009). The statute creates two conditions precedent to the filing of a supplemental complaint. Specifically, there must be (1) a final judgment and (2) a lapse of thirty days since that judgment without payment of the judgment in order for a judgment creditor to properly file a supplemental complaint. See Martin v. Turner & Son Building Contractor, No. 2010-L-137, 2010 WL 5296143, at *3 (Ohio App. 11 Dist. Dec. 20, 2010)(citing O.R.C. §3929.06(B)).

In this case, there are no remaining claims against the Law Firm Defendants. There are, however, remaining claims against the Green Tree Defendants that have been stayed pending arbitration. Fed. R. Civ. P. 54(b), captioned "Judgment upon multiple claims or involving multiple parties," provides

3

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties <u>only upon an express determination that there is no just reason for delay</u>.  In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

(emphasis added).  Here, the Clerk entered judgment in favor of the Hagys and against the Law Firm Defendants in the total amount of $76,307.67 on October 22, 2013 (Doc. #118), but this Court has not certified pursuant to Fed. R. Civ. P. 54(b) that there is no just cause for delay.  Consequently, no final order exists in this case.  Because the two conditions precedent, namely the existence of a final judgment and a lapse of thirty days since that judgment without payment, remain unsatisfied, the Court will deny the Hagys' motion for leave to file a supplemental complaint as untimely.  See <u>Martin</u>, 2010 WL 5296143, at *3.

### III. Conclusion

Based on the foregoing, the Hagys' motion for leave to file a supplemental complaint is denied (Doc. #124).

/s/ Terence P. Kemp  
UNITED STATES MAGISTRATE JUDGE